**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| ROLANDO REYNA-ROMERO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C10-4071-MWB<br>(CR04-4018-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Petitioner's Charges, Sentence and Appeal* . . . . . . . . . . . . . . . . . . . . . 2
    *B. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A. Timeliness of Reyna-Romero's § 2255 Motion* . . . . . . . . . . . . . . . . . . 3
        1.   *Actual Innocence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        2.   *Mental Impairment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *B. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

This case is before the court pursuant to respondent United States's Motion to Dismiss petitioner Rolando Reyna-Romero's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. The respondent contends that Reyna-Romero's § 2255 motion should be dismissed as untimely. Reyna-Romero contends that the one year statute of limitations for filing § 2255 motions should be equitably tolled based on his mental impairment and his actual innocence.

## I. INTRODUCTION AND BACKGROUND
### A. *Petitioner's Charges, Sentence and Appeal*

On February 24, 2004, an indictment (Crim. docket no. 1) was returned against petitioner Reyna-Romero, charging him with possession with conspiracy to distribute 500 grams or more methamphetamine within 1,000 feet of a playground or school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 860(a). On January 25, 2005, Reyna-Romero entered a plea of guilty to Count 1 of the indictment. On December 14, 2005, the undersigned sentenced Reyna-Romero to 120 months imprisonment and 10 years supervised release. On December 16, 2005, judgment was entered. Reyna-Romero did not appeal his conviction or sentence. Reyna-Romero's conviction became final on December 26, 2005.

### B. *The Petitioner's § 2255 Motion*

On July 26, 2010, Reyna-Romero filed his *pro se* Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Civ. docket no. 1). In Reyna-Romero's § 2255 motion, he raises two claims. First, he contends that the court violated the Eighth Amendment of the United States Constitution in imposing a sentence that was grossly

disproportionate to the offense he committed. Second, Reyna-Romero contends that his Presentence Investigation Report ("PSIR") contained erroneous information regarding relevant conduct and, as a result, the court's calculation of his advisory guideline sentencing range was incorrect. On this same date, the court set a briefing schedule and directed that counsel be appointed to represent Reyna-Romero. On August 10, 2010, the prosecution filed a Motion to Dismiss Reyna-Romero's § 2255 motion on the ground that it was not filed within the one year time limit provided for in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, § 105, 110 Stat. 1220. *See* 28 U.S.C. § 2255(f). After requesting, and being granted, a number of extensions of time to respond to the prosecution's Motion to Dismiss, Reyna-Romero filed a *pro se* resistance on October 4, 2010. In his *pro se* resistance, Reyna-Romero argues that the one year statute of limitations should be equitably tolled due to his "actual innocence." On November 4, 2010, Reyna-Romero, through counsel, filed a resistance to the prosecution's Motion to Dismiss in which he restates his "actual innocence" ground for equitable tolling of the statute of limitations and also raises his mental impairment as a ground for equitable tolling. On November 23, 2010, the prosecution filed a response to Reyna-Romero's resistances to its Motion to Dismiss. The prosecution argues that neither Reyna-Romero's claims of "actual innocence" or his suffering from a mental impairment warrants equitable tolling of the AEDPA's statute of limitations.

## II. LEGAL ANALYSIS

### A. Timeliness of Reyna-Romero's § 2255 Motion

The AEDPA established a mandatory one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction

becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(1)-(4).

The finality of Reyna-Romero's conviction in this case is the only applicable date of the four statutory dates in § 2255(f)(1)-(4). Reyna-Romero makes no allegation that an unconstitutional or unlawful act by the government prevented him from filing his § 2255 motion within the one-year limitation period, *see* 28 U.S.C. § 2255(f)(2), nor does he assert that the Supreme Court recently recognized a right retroactively applicable to this § 2255 case. *See* §28 U.S.C. § 2255(f)(3). Moreover, Reyna-Romero does not state that the one-year limitation period under § 2255 should be calculated from a date, when through the exercise of due diligence, he discovered the facts supporting his arguments for relief. *See* 28 U.S.C. § 2255(f)(4).

There is no question that the one year limitation period for bringing a § 2255 motion in this case expired at least 43 months before Reyna-Romero filed his § 2255 motion. Reyna-Romero never appealed after judgment was entered on December 16, 2005. Therefore, Reyna-Romero's § 2255 one year limitation period expired on December 16, 2006, and, even if the 10 day time period in which he would have had to file a notice of

4

appeal to the Eighth Circuit Court of Appeals were included in determining the date on which his conviction became final, that date would then become December 26, 2006, and Reyna-Romero's § 2255 motion would still be untimely unless the time period for filing such a motion is tolled.

Federal courts, including the Eighth Circuit Court of Appeals, have determined that the AEDPA's one year period of limitations is not jurisdictional and, therefore, is subject to equitable tolling in limited circumstances. *See Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009); *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *accord Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001); *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). However, "'[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time.'" *Runyan*, 521 F.3d at 945 (quoting *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007)); *accord Jihad*, 267 F.3d at 805 (quoting *Kreutzer*, 231 F.3d at 463). Here, as discussed above, Reyna-Romero argues that the AEDPA's one year statute of limitations should be equitably tolled due to his "actual innocence" and on account of his mental impairment. The court turns to consider each of these claims in turn.

### 1. *Actual Innocence*

Reyna-Romero contends that the statute of limitations should not bar him relief because he is actually innocent of the charges. However, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals has held that actual innocence may excuse an untimely § 2255 motion. However, the Eighth Circuit Court of Appeals has recognized that actual innocence may potentially excuse an untimely § 2254 petition. *See*

*Flanders v. Graves,* 299 F.3d 974, 976-78 (8th Cir. 2002). In *Flanders,* the Eighth Circuit rejected, "as a broad concept," the notion that actual innocence could be used to excuse a petitioner's failure to file his petition within the limitations period. The court explained:

> It is our duty to apply statutes as written. The statute fixes a one-year period of limitations, and says nothing about actual innocence, even though other parts of AEDPA, enacted at the same time, do refer to this doctrine. It is not our place to engraft an additional judge-made exception onto congressional language that is clear on its face.

*Id.* at 977 (citations omitted). The court of appeals went on to observe that:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the statute of limitations.

*Id.* at 978.

Thus, in order to toll the statute of limitations based on an "actual innocence" claim, Reyna-Romero must present evidence that he diligently pursued his claims but that the prosecution prevented him from timely filing his § 2255 motion. He has not done so. Reyna-Romero does not allege that the prosecution has prevented him from taking any steps regarding his actual innocence claim or that he could not have discovered the facts within the one-year period for filing his § 2255 motion. Indeed, there is no allegation in Reyna-Romero's § 2255 motion or his moving papers that the prosecution prevented Reyna-Romero from timely filing his § 2255 motion. Therefore, the court concludes that equitable tolling based on Reyna-Romero's naked claim of actual innocence is not

appropriate in this case.

## 2. *Mental Impairment*

Reyna-Romero also argues that equitable tolling is appropriate because of his mental impairment. The Eighth Circuit Court of Appeals and other federal courts of appeals have recognized that a significant mental impairment "can be an extraordinary circumstance" justifying equitable tolling of the AEDPA's statute of limitations. *See Nichols v. Dormire,* 11 Fed. Appx. 633, 634 (8th Cir. 2001) (while recognizing that a mental impairment could warrant equitable tolling, affirming district court's finding that petitioner's mental impairment did not "constitute an extraordinary circumstance justifying the tolling of the limitations period."); *see also Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010)(holding that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence."); *Riva v. Ficco*, 615 F.3d 35, (1st Cir. 2010)(holding that mental illness can constitute an extraordinary circumstance for equitably tolling the AEDPA limitations period where there is "some causal link between a petitioner's mental illness and his ability seasonably to file for habeas relief."); *Bolarinwa v. Williams,* 593 F.3d 226, 231 (2d Cir. 2010)(recognizing that a mental illness can justify tolling of the AEDPA one-year statute of limitations where a habeas petitioner can "demonstrate that her particular disability constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so."); *Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir. 2009)(holding that "mental impairment is not *per se* a reason to toll a statute of limitations" but rather "mental impairment must have affected the petitioner's ability to file a timely habeas petition.")*; Worley v. Lytle,* 221 F.3d 1354 (10th Cir. 2000)(unpublished

table decision)(recognizing that equitable tolling would be allowed only under "exceptional circumstances," such "as an adjudication of incompetency, institutionalization based on the alleged mental incapacity, or incapacitation to the degree that the litigant is unable to pursue his or her suit."); *Calderon v. United States Dist. Court,* 163 F.3d 530, 541 (9th Cir. 1998) (en banc)(holding that mental incompetency can constitute an extraordinary circumstance beyond the petitioner's control that permits equitable tolling of the statute of limitations), *overruled on other grounds by Woodford v. Garceau,* 538 U.S. 202, 206 (2003)).

Here, however, Reyna-Romero has failed to present any evidence regarding his alleged mental impairment for the period he wishes to toll. Reyna-Romero's bare assertion that he suffers from some mental impairment, "without more, is insufficient to justify equitable tolling." *Lawrence, v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005). Indeed, Reyna-Romero has not even identified his alleged mental impairment nor has he attached any medical records which might reveal his mental impairment or condition. Likewise, he not provided the court with any information regarding how his mental impairment adversely affected his capacity to function generally or how his mental impairment was an impediment to his filing a § 2255 motion during the relevant time period. While the record in Reyna-Romero's criminal case does disclose that in 2004 he was diagnosed with "[s]ubstance induced psychotic disorder; History of polysubstance abuse", *see* PSIR at ¶ 47a, after treatment he was subsequently found competent to stand trial. *See* PSIR at ¶ 47b. There is no evidence in the record that after that time he suffered from a mental impairment such that he was unable to understand his legal rights and act upon them. Similarly, Reyna-Romero offers no explanation of how his mental impairment suddenly improved in 2010, allowing him to file his current § 2255 motion. Thus, the court concludes that Reyna-Romero has failed to demonstrate that he suffered from a mental

impairment that was an impediment to his filing a timely § 2255 motion. Accordingly, Reyna-Romero has failed to show he is entitled to equitable tolling based on a mental impairment. Therefore, the AEDPA's one year statute of limitations applies in this case and Reyna-Romero's § 2255 motion is untimely. Respondent's Motion to Dismiss is granted and Reyna-Romero's § 2255 motion is dismissed.

## B. *Certificate Of Appealability*

Denial of Reyna-Romero's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that

"'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Reyna-Romero's § 2255 motion, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### III. CONCLUSION

THEREFORE, for the reasons discussed above, respondent United States's Motion to Dismiss is granted and petitioner Reyna-Romero's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (docket no. 1) is **denied in its entirety**. This case is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 25th day of February, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA